*67 OPINION of the Court, by
Judge Bibb.
In the month of April, 1798, Hamilton exhibited his bill, pray *68 ing an injunction against the award of restitution, upo» an inquisition of forcible entry and detainer, taken and found against him. He made claim to the land by purchase of 6& acres of Ralph Morgan, who purchased cf Andrew Swearingen (son and. heir of Thomas Swearin-gen, deceased) 500 acres of land, legally and specially entered and surveyed, in the name of said decedent, oa aland office treasury warrant, No. 9856, on the 22d of January, 1783. This purchase he states to have been made in 1796, evidenced by bond from Morgan to him ; and that Morgan held Swearingen’s bond for 4he conveyance of the 500 acres: that Hendrik’s heirs claim the land under an entry in the name of their ancestor, of the 13th of February, 1783, for 2400 acres ; and that the said ancestor had settled thereon in the year 1793. The bill denies, the forcible entry, and states the manner of his acquiring possession, under an alleged contract in writing with Hendrix’s widow; and prays, that Swearingen and Morgan rruv be compelled to complete the complainant’s title, &c. tir.u Hendrix’s heirs may convey or release to him, &c. and for g: neral relief.
A perfon hold, ang the elder legal title, and in poíTeílion by force,and thereof convict, cannot refort to a court of equity to try the right.
One out of poiTeihon, and holding the elder legal title, cannot refort to equity to try the right before a trial at law.
If he had brou ghc his e-jectment, and recovered pos feflion, or had been lawfully poflVoed, then he might fus-tal n his bill in equity, againft any perfon letting up a claim.
In courts of fpecial limited jurifdiction, where a fuic is difmifted be-caufe neither the parties, nor fubject, was within the ju-rifdiction of the court, difmis-fion is all that the court can direct.
¿fitter in courts of general jurisdiction, where the perfon, or the fubject, is within the ju-rifdlctíon, but the party has, jniftaken his re-, medy.
*68 In September, 1804, the complainant discontinued, as to Morgan and Swearingen, having previously obtained leave to amend, and exhibited an additional complaint, stating, that since exhibiting his former bill, ha had purchased of “ the said Andrew Swearingen, son and heir, &c.” for a valuable consideration, the whole of the remaining part of the 500. acres, in the entry of Thomas Swearingen, deceased; that said Andrew Swearingen, heir, &c. in pursuance of the sale and trans-: fer from him to Morgan, and from Morgan to the complainant, of the 66 acres, and of the sale and transfer of the remaining part, as set forth in the amended bill, had conveyed the 500 acres to the complainant, by deed exhibited, bearing date on the 4th of March, 1801 i that a grant had issued to said Swearingen, bearing date, as exhibited, on the 20th of June, 1799 ; that the entry of said Hendrix, deceased, has been surveyed contrary to law, and the calls of the said entry, and upon the survey so made, letters patent had been granted to said decedent, or his heirs, “ younger, and of a later date than the legal title” of the complainant; that the said junior patent covers a considerable part of the said 500 acres granted to Swearingen ; and praying that the heirs *69 of Hendrix might be compelled to release and relinquish, &c.
On difmiiTing a bill for want or equity, cofts given*
The answers of the defendants, amongst other matters, suggest that the circuit court had no jurisdiction of the complainant’s case, as stated, either in the original, or amended bill.
Upon motion, the circuit court dissolved the injunction, which had been awarded against proceeding on the conviction of forcible entry and detainer, and dismissed the bill (at the costs of the complainant) for defect of jurisdiction. To this opinion the complainant tendered his bill of exceptions, which was signed, sealed and enrolled ; in which it is stated, “ that when this cause came on to be heard, the defendants’ counsel moved, on reading the bill, original and amendatory, and the answer of George Hendrix, and one other defendant, in which the jurisdiction of this court is denied, —— to dismiss the bill, and discharge the injunction, without hearing any “more of the exhibits therein, on the ground, that this court had no jurisdiction of the cause, and could not decide the merits of the claims therein exhibited, ready to be argued and decided ; which the court accordingly did: and refused to hear the merits of the cause, or decide the validity of the claims between the parties to the suit, as the complainant’s remedy, by his own shewing, was at law, and as he had not the legal possession which authorised him to file his bill in chancery-from which the complainant appealed.
The first assignment of error supposes, that the “ court erred in hearing a motion to dissolve, without previous notice to the cornplainant, and before the cause was set for hearing,”
The premises assumed are, 1st, that the decision of the court was given on a motion to dissolve; and 2dly, that the cause had not been set for hearing. The last is contradicted by the record. As to the former, it seems proper to remark, that it does not belong to the appellant to say the decision was upon a motion to dissolve, when, by the bill of exceptions, tendered by himself, and certified by the court, it is declared, that the cause “ came on to be heard,” and the motion was to discharge the injunction, and dismiss the bill, for want of jurisdiction. Suffice it to say, that the bill of exceptions, signed by the judges and enrolled, is considered as *70 a more solemn and deliberate act of verification than the minute drawnoutby theclerk, and receiving the signature of the presiding judge only, in common mass with the other proceedings of the day. But if the court would not, according to the established principles and usages in chancery, grant any relief upon the complaint stated, it is useless to enquire whether the dismission took place upon a motion to dissolve, with or without notice ; upon a hearing, regularly ruled, or obtained by special leave of the court.
Two positions were taken by the court, as appears from the bill of exceptions i 1st, That the complainant having been convicted of the forcible entry and detainer, could not be regarded as one in possession of the land ; 2ndly, That the complainant/', remedy should have been sought in a court of common law, not ⅛ chancery.
So far as the complaint sought relief against the proceeding upon the writ of forcible entry and detainer, by asking a court of chancery to re-examine the fact of force, found by the inquest, it was clearly coram non juchce; and the injunction was most improvidently awarded. Considering the complainant as a lost feasor, can it be said that equity should stretch for him a helping hand, yet farther than if he had not been guilty, or had repaired the wrong ? Dr does it become a court of equity to encourage breaches of the peace, by acknowledging a possession so acquired as the foundation of jurisdiction, and protecting that possession to the end of a controversy upon conflicting claims ? At common law, one who had a lawful right of entry in him, was permitted to enter with force, and detain with force his possession, where the entry was lawful. The great inconvenience which resulted from this doctrine, by encouraging breaches of the peace, affording an opportunity to powerful men to eject by force their weaker neighbors, under color of pretenced titles, produced many statutory provisions, from the fifth of Richard the second to the twenty-first of James the first; which regulations, in substance re-enacted by the legislature of Virginia, have been handed down to us. These salutary regulations, suggested and approved by the experience of ages, it would ill become a court of chancery to repeal or avoid, by embracing a traverse of the force, because the complainant should couple it, with the right.
*71 The case, being stripped of so much of the complaint as seeks a traverse of the inquisition, and the incongru-Sty and departure of the amended bill from the original, being waved, as of minor importance, resolves itself into this plain proposition: Will a court of chancery sustain a bill on behalf of the holder of the elder legal title, who is out of possession, and before any trial at law, to determine the right between two claims ?
The complainant has a remedy at law ; he ought to have established his right there, before he came into chancery. His complaint must be considered as aft ejectment bill, and as such not sustainable. If he had brought his ejectment and recovered the possession, or had been lawfully possessed, then he would have been within the provisions of the statute relied on, which declares that any “ person, having both the legal title to, and possession of land, may institute a suit against any other person setting up a claim thereto : — —’’
So far as the court have dismissed the bill because the objects thereof, as stated, were not proper subjects of cognizance and relief on the chancery side of the court, they have acted upon correct principles.
The only remaining question is as to the costs given by the court to the defendants. The general rule is, that where courts have no jurisdiction, the sentence of dismission is the only one pronounced : for if they have no jurisdiction, they can give no judgment or decree.
This applies to those cases where the court is of limited and special jurisdiction, and neither the subject matter, nor the persons of the litigants, are within the scope and limit prescribed. But in the case before the court, the land was within the jurisdiction of the circuit court, and the defendants also; the court was of general jurisdiction ; yet the complainant had mistaken his remedy, or misconceived his suit. His original bill set up a case which (abstracted from the prayer for the injunction) belonged to the equitable jurisdiction of the court but the farther and more perfect statement in the amended bill, departed from the original, and disclosed a case not belonging to the equitable, but to the legal jurisdiction of the court; and therefore, the court dismissed the bill for want of equity. The term^ used by the circuit court, cannot alter the real state of the case. A demurrer for want cf equity, would have been proper ; *72 and upon sustaining the demurrer, costs would have been properly allowed. — -—-Decree affirmed.