*303 Opinion of the Court, by
Judge Mills.
Charles Lynch, who states himself to be a resident and inhabitant of the territory of Orleans, filed his bill against Peter B. Ormsby, in the general court of this state, claiming the value or amount of sundry bills of exchange drawn by Aaron Burr on George M. Ogden of New-York, in favor of Lynch, and endorsed by Lynch to Ormsby, who, at the same time, gave an instrument of writing, stipulating, that when the bills were paid he would account to Lynch for their value, after deducting the amount of a debt due from Lynch to him. He charges that this debt, which was to be so deducted, was the balance of a long account between them, arising from sundry dealings of several years in
An allegation in a bill in chancery, that the “defendant had left Kentucky, and it was said, did not intend returning, which the compl’t. believed to be true,” is not a sufficient allegation of non-residence to support the jurisdiction of the general court.
Nothing short of a positive allegation that he is a non-resident, will suffice.
Answering the bill without taking any exceptions for want of jurisdiction, preparing the cause for trial, and going into a full trial on the merits, will not estop the defendant in such case from assigning the want of jurisdiction as error, in the court of appeals.
*304 Kentucky, and exhibits the account as part of his bill. He also alleges that Ormsby had appropriated the bills, or delivered them up to Burr or Ogden, and that he, Ormsby, “ had left Kentucky, and it was said, did not intend returning, which he, Lynch, believed to be true.” He then charges, that Thomas Hite, of this state, was indebted to Ormsby, and also held property of his, and that agents of Ormsby, whom he does not name, also held the control of other property belonging to Ormsby. He makes only Hite and Ormsby defendants, and procured an injunction, restraining Hite from disposing of the property, or paying the debt due by him to Ormsby.
No process issued, or proceedings were had against Hite. Ormsby returned to Kentucky, and process being executed upon him, he answered. On a final hearing, the general court decreed against Ormsby, and he has appealed to this court.
The first question made by the assignment of error, and debated at the bar, is, had the general court jurisdiction of this matter; or, rather, has the complainant showed himself entitled, on the face of his bill, to come into that court for redress?
This question must first be investigated; for if it must be answered in the negative, no other question ought to be decided, touching the merits of the controversy. The act of assembly which governs this question, will be found in 2 Litt. 309, [1 Dig. 374,] which has this provision: “In addition to the jurisdiction now allowed to said court, which shall hereafter be called the General Court, it shall have jurisdiction in the following cases, to wit: In all controversies between non-residents, and between non-residents and the citizens this state, where the matter in dispute shall be above the value of twenty dollars.” Under the latter class of controversies, that is, “ between non-residents and citizens of this state,” the jurisdiction of that court in this cause cannot be supported. It is true, Lynch is, according to his statement, a non-resident; but he does not charge Ormsby to be a citizen of Kentucky. It may be inferred from his bill, that Ormsby was, and had for many years been a resident of Kentucky. But this he might be, and not be a citizen; for there is, or may be, a wide difference between a citizen and resident. Every citizen is, or must have been, a resident; but *305 every resident need not be a citizen. The only way in which the jurisdiction of that court could be supported under this clause, would be, by construing the word citizen, to mean a resident. But this we do not conceive ourselves authorised to do; because the legislature has not used the word resident, as opposed to non-resident, which would have been the natural and easy mode of expression, had they intended that every resident should be liable to the suit of a non-resident, in that court; but they have opposed the term, citizen, to nonresident, thereby intimating that only that class of residents which were citizens, should be thus liable. Besides, on the score of authority, as well as the meaning of the words, and the phraseology used, we cannot indulge this construction.
In a case of this kind, the express consent of the parties cannot give the general court jurisdiction; therefore, it cannot take jurisdiction from any implied consent.
The general court cannot acquire jurisdiction by consent of parties, except where both parties are citizens or residents of the state of Kentucky.
Where that court has not jurisdiction, it can render no judgment for costs.
The supreme court of the United States, in sundry cases, have not ventured to construe the word citizen, in any other sense than its proper meaning, and have held complainants or plaintiffs to strict rules, in stating and showing, on the face of their bill or declaration, that the parties were such as entitled the court to entertain jurisdiction. This principle, we apprehend, is a sound one, with regard to courts of limited and special jurisdiction over the persons between whom it may decide, and must apply to the general court in all cases where the law has not either absolutely or conditionally given jurisdiction.
Nor do we apprehend that this case can be aided by naming Hite as defendant in the bill, even if process and further proceedings had been had against him; for he is not styled a citizen of Kentucky. Besides, he is only a garnishee, or stakeholder, and could have no interest between the parties, as to the right to relief. It is unnecessary for us now to decide whether he could have been made defendant as garnishee, although not of the description of persons who are subject to the jurisdiction of that court, provided Ormsby was one against whom the jurisdiction could be exercised. But certain it is, that if Ormsby, against whom the whole cause of complaint lay, was not subject to the jurisdiction, Hite could not be, let him be within the purview of the act or not; for it could only be in case a decree passed against Ormsby, that Hite would be subject. We, therefore, conceive that the jurisdiction of *306 the court cannot be supported at all, under the second clause of the act in question.
It remains, then, to enquire whether it can be supported under the first clause; that is, “ between non-residents.” This resolves itself into the simple meaning of the charge in the bill, “ that Ormsby had left Kentucky, and it was said, and the complainant believed, he did not intend to return.” If this allegation is understood to be sufficient to show that Ormsby was a non-resident of Kentucky, the events and proceedings in the cause show it was not true. He did in fact return. The complainant himself issued the first subpœna which he did issue, against him alone, and it was served on him a few days afterwards, and the complainant treated him as a person returned to his residence; and his return proved that the suspicions and belief that he never meant to return, were not well founded, and that Lynch risked the jurisdiction of the court on a supposed state of fact, which eventuated otherwise. But we are not disposed to admit that this allegation does sufficiently charge the non-residence of Ormsby. It is but a belief that he had finally removed, or changed his residence; and we cannot conceive that a contingent or doubtful allegation could sustain the jurisdiction. Nothing less than a positive suggestion or allegation will answer. If the jurisdiction of that court against absentees, can be supported on the suspicions or belief circulated in public rumor, or entertained in the breast of complainants, it would soon absorb most cases of temporary absence from the state, and allegations or suggestions of that kind would not be wanting, in all bills brought to reach the debts or estates of absentees. It was necessary, then, for the bill to state that Ormsby was not believed to be, but in fact was a non-resident of Kentucky, as well as Lynch, before the jurisdiction could attach.
It is urged, however, that Ormsby did not plead to the jurisdiction, or object to it in his answer. To this it may be answered, it was not necessary. The complainant, on the face of his own bill, did not show a case which authorised him to demand redress. The rule in such case is, that in a court of general jurisdiction, the right to proceed to judgment will be presumed, unless the defendant shall show some special exception in his favor, which exempts him from the jurisdiction of the court. But, in a court of special and *307 limited jurisdiction, the plaintiff himself must show his right to come there, on the face of his own proceedings; otherwise he will be refused admittance, and nothing will be presumed in his favor. This principle is undeviatingly maintained by the courts of the United States.
But it is urged that Ormsby answered to the merits of the demand, and proceeded to investigate the matter until the final issue, and therefore his consent to a trial in that court is evident. To this it is answered, that his consent could not give jurisdiction to the court, where the law had not given it. It is true, that it was decided by this court in the case of Fowler vs. Halbert, &c. 3 Bibb 384, that the consent implied from waiving the exception, and answering to, and trying the merits, did authorise that court to proceed. But there the parties were both citizens, or residents, and the title of land was in question; and in such case, a subsequent clause of the same statute gave jurisdiction, where the parties gave their consent in writing; and this court determined that the consent could be, and was in that case, evidenced from the record, without such writing, sufficiently to authorise that court to proceed. That case, however, maintains the principle, that consent could not give jurisdiction where the law did not give it. And the law having declared that consent could give it between the parties in that suit, evidence of that consent was all that was necessary; but between these parties the law makes no such provision, and however strong the consent of Ormsby may be gathered from the record, the court is as impotent as ever, and derives no authority to proceed from the parties themselves.
This objection to jurisdiction is valid at every stage in the cause, and cannot be cured by any decree, and is available on an appeal or writ of error; and we cannot deprive Ormsby of the benefit of it, although he has taken it here for the first time. But as the decree must be reversed, Ormsby cannot recover his costs in the court below, although he may in this, as that court can render no decree in favor of, or against either party, according to the principles recognized by this court, in the case of Hamilton vs. Hendrix’s heirs, 1 Bibb 67.
The decree of the court below must be reversed and annulled with costs, and without directing or allowing; any further proceedings.